---

## Case No. 399.

### The ANNA.

### [6 Ben. 340.][1]

District Court, S. D. New York.   Feb., 1873.

COLLISION IN HUDSON RIVER—VESSEL AT ANCHOR.

A schooner, lying at anchor off Caldwell's in the Hudson river, was sunk by a collision with a tow, which passed her in the night. Her owners filed a libel against two steamboats, which, fastened alongside each other, had towed some boats by the schooner that night. The schooner alleged that she was struck first by one of the two steamboats and then by the boats in tow. The steamboats alleged that, while there was a slight collision between one of them and the bowsprit of the schooner, the blow which did the injury to the schooner was given by the boats of another tow, which passed up the river ahead of them: *Held*, That, on the evidence, the schooner had failed to establish that the blow which caused her to sink was inflicted by the two steamboats or the boats in tow of them, and that the libel must be dismissed.

In admiralty. This was a libel by the owners of the schooner Tryall, to recover for the sinking of the schooner in the Hudson river, off Caldwell's, on the night of December 18th, 1870. The schooner was at anchor. Her story was, that the Anna, with the Car-

[1][Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

rie alongside, and having a tow of boats astern, came up the river and attempted to pass between the Tryall and the west shore, and that the Carrie struck the schooner and went by her, and the boats in tow also struck her, and that from the effects of such collision she sank. The story of the Anna and the Carrie was that a tug was going up ahead of them with a tow of boats astern; that those boats struck the Tryall; and that, after she got free from them, she swung around so that her bowsprit just touched the paddle-box of the Carrie, but not with force enough to do any injury.

R. D. Benedict, for libellant.

C. Van Santvoord, for claimant.

BLATCHFORD, District Judge. A careful consideration of the evidence in this case fails to satisfy me of the truth of the allegation of the libel, that the steamboat Carrie struck the libellants' schooner and carried away her bowsprit, and that afterwards a barge in tow of the two steamers struck the port bow of the schooner, and that the two collisions did so much injury and damage to the schooner that she sank. That the schooner was at anchor, and was struck and sunk, is undisputed. It is also not denied that the Carrie came in contact with the jib-boom of the schooner. But, the collision described by the master of the schooner as the first one of the two collisions, is described by him as a blow by the guard of a boat on the round of the port bow of the schooner, in a direction which took the schooner's bowsprit square off to the bow. The evidence satisfactorily shows that no such blow was given by the Carrie. Then, again, it is very apparent that the two blows which did the damage were given by a vessel and her tow, which, to the eyes of the men on the schooner and on the sloop to the westward of her, was the first tug and tow in order which came up from below. That there was such a tug and tow just ahead of the Anna and the Carrie and their tow cannot be doubted. It was this first tug and tow that hit the schooner and did the damage. This first tug, or a barge alongside of her, first hit the schooner, and then a boat in the hawser tier behind, in tow of such tug, hit the schooner. These blows, so disastrous, naturally caused excitement, and the passage of the Anna and Carrie close behind was not noticed by those on board of the schooner and the sloop. The witnesses all, on both sides, say that it was the first tug and tow that hit the schooner, and did the damage. That was not the Anna and the Carrie. The contact with the Carrie did no damage. On this view the testimony can all be reconciled. On any other view, wilful false swearing must be imputed to the claimants' witnesses. The libel must be dismissed, with costs.